**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OLIVIER LE QUEINEC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 26-cv-00839 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Albert Berry, III** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff OLIVIER LE QUEINEC ("Le Queinec" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Le Queinec having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto (collectively, "Defaulting Defendants");

Le Queinec having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Le Queinec has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Le Queinec's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-454-016; VA 2-454-017; VA 2-454-517; VA 2-454-528; VA 2-455-230; VA 2-454-572; VA 2-454-315; and VA 2-454-012 (the "Olivier Le Queinec Works") to residents of Illinois.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Le Queinec's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1.  Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using the Olivier Le Queinec Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Olivier Le Queinec product or not authorized by Le Queinec to be sold in connection with the Olivier Le Queinec Works;

2

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Olivier Le Queinec product or any other product produced by Le Queinec, that is not Le Queinec's or not produced under the authorization, control, or supervision of Le Queinec and approved by Le Queinec for sale under the Olivier Le Queinec Works;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Le Queinec, or are sponsored by, approved by, or otherwise connected with Le Queinec; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Le Queinec, nor authorized by Le Queinec to be sold or offered for sale, and which bear any of Le Queinec's copyrights, including the Olivier Le Queinec Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments Inc. ("Amazon"), Walmart Inc. ("Walmart"), and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used

to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Olivier Le Queinec Works; and

b.  operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Olivier Le Queinec Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Olivier Le Queinec product or not authorized by Le Queinec to be sold in connection with the Olivier Le Queinec Works.

3.  Upon Le Queinec's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Olivier Le Queinec Works.

4.  Pursuant to 17 U.S.C. § 504(c)(2), Le Queinec is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing Olivier Le Queinec Works on products sold through at least the Defendant Internet Stores.

5.  Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Walmart, and Temu, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6.  All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held

4

by Third Party Providers such as Amazon, Walmart, and Temu, are hereby released to Le Queinec as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Walmart, and Temu, are ordered to release to Le Queinec the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Le Queinec has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Le Queinec shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Le Queinec identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Le Queinec may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: April 20, 2026

Thomas M. Durkin
United States District Judge

5

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | wjhbbs |
| 27 | |
| 28 | |
| 29 | |
| 30 | heilongjiangzhizhuangruishangmaoyouxiangongsi |
| 31 | |
| 32 | |
| 33 | WeiYiJiaChaoShi |
| 34 | 丽华家居商贸 |
| 35 | |
| 36 | |

| | |
|---|---|
| 37 | kkanqix |
| 38 | |
| 39 | |
| 40 | |
| 41 | |
| 42 | LVCHUSHANGMAO |
| 43 | |
| 44 | |
| 45 | |
| 46 | |
| 47 | |
| 48 | |
| 49 | |
| 50 | hyynh |
| 51 | ZIMAL-ART |
| 52 | |
| 53 | |
| 54 | |
| 55 | |
| 56 | |
| 57 | |
| 58 | |
| 59 | |
| 60 | SHAOSHAN-june |
| 61 | |
| 62 | |
| 63 | |
| 64 | |
| 65 | |
| 66 | |
| 67 | |
| 68 | fanlongdexiaodian |
| 69 | |
| 70 | |
| 71 | mengyuebaihuode |
| 72 | zhoupeipe6 |
| 73 | Yongdun99 |
| 74 | |
| 75 | VAVAYA |

| | |
|---|---|
| 76 | |
| 77 | panjiangangart |
| 78 | |
| 79 | |
| 80 | |
| 81 | |
| 82 | |
| 83 | |
| 84 | |
| 85 | |
| 86 | Bbiasn |
| 87 | |
| 88 | |
| 89 | xuzhipeiart |
| 90 | |
| 91 | |
| 92 | |
| 93 | |
| 94 | |
| 95 | |
| 96 | |
| 97 | |
| 98 | |
| 99 | |
| 100 | |
| 101 | |
| 102 | |
| 103 | jia-home-xzzyc |
| 104 | |
| 105 | |
| 106 | |
| 107 | |
| 108 | |
| 109 | |
| 110 | |
| 111 | |
| 112 | |
| 113 | |
| 114 | |
| 115 | |
| 116 | JYUIIKGGG |



| | |
|---|---|
| 117 | |
| 118 | |
| 119 | |
| 120 | |
| 121 | |
| 122 | |
| 123 | |
| 124 | XIAOYEyishuhaibao |
| 125 | |
| 126 | |
| 127 | |
| 128 | Saypeacher |
| 129 | TimeToBloom |
| 130 | LilyFly |
| 131 | |
| 132 | |
| 133 | |
| 134 | |
| 135 | |
| 136 | |
| 137 | |
| 138 | beijinghansenyuanjixiekejiyouxiangongsi |
| 139 | |
| 140 | |
| 141 | |
| 142 | |
| 143 | |
| 144 | |
| 145 | |
| 146 | |
| 147 | nuolushangmao |
| 148 | Rui Feng Jiang |
| 149 | |
| 150 | |
| 151 | |
| 152 | |
| 153 | |
| 154 | |
| 155 | |
| 156 | |
| 157 | |



| | |
|---|---|
| 164 | shangma |

| 199 | |
|-----|--|
| 200 | |